UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SOFIA AVILA LEON, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

BENJAMIN S. UH, M.D. and ACTIVE SPORTS MEDICINE AND ORTHOPAEDIC SURGERY, P.C. d/b/a ACTIVE ORTHOPAEDICS and ACTIVE SPORTS MEDICINE,

Defendants.
-----------------------------------------------------------------X

**FLSA COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Sofia Avila Leon ("Plaintiff" or "Leon"), individually and on behalf of all others similarly situated, by her undersigned attorneys, alleges upon personal knowledge as to herself and upon information and belief as to all other matters as follows:

1. This is an action to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages, statutory damages, attorneys' fees, costs, interest, and other relief arising from Defendants' failure to pay Plaintiff and other hourly employees all wages required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Defendants' failure to pay Plaintiff the wages and furnish the wage statements required by the New York Labor Law ("NYLL").

2. Plaintiff brings the FLSA claims under 29 U.S.C. § 216(b) on behalf of herself and all current and former hourly employees of Defendants who were subject to Defendants' common policy or practice of failing to pay all required minimum and overtime wages (the "FLSA Collective").

3. Plaintiff asserts the NYLL claims solely on her own behalf.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's NYLL claims under 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts as her FLSA claims.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Queens County, New York, where Plaintiff worked for Defendants, and Defendant Active Sports Medicine and Orthopaedic Surgery, P.C. maintains a place of business in this District.

**THE PARTIES**

7. Plaintiff SOFIA AVILA LEON was employed by Defendants in Queens County, New York. She resides in Queens County, New York.

8. Defendant BENJAMIN S. UH, M.D. is a physician licensed to practice in the State of New York and the owner of Defendant ACTIVE SPORTS MEDICINE AND ORTHOPAEDIC SURGERY, P.C. d/b/a ACTIVE ORTHOPAEDICS and ACTIVE SPORTS MEDICINE. Upon information and belief, he resides in New York County, New York.

9. Defendant ACTIVE SPORTS MEDICINE AND ORTHOPAEDIC SURGERY, P.C. d/b/a ACTIVE ORTHOPAEDICS and ACTIVE SPORTS MEDICINE is a professional corporation organized under the laws of the State of New York with places of business in Queens County and Nassau County, New York.

10. At all relevant times, Defendants acted directly or indirectly in the interest of an employer in relation to Plaintiff and the FLSA Collective and were employers within the meaning of the FLSA and the NYLL.

11. Upon information and belief, Defendants constituted an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s). Defendants' employees handled or otherwise worked on goods or materials that had moved in or been produced for interstate commerce. Upon information and belief, Defendants' annual gross volume of sales or business exceeds $500,000.

## FACTUAL ALLEGATIONS

12. Defendants employed Plaintiff as a non-exempt employee on an hourly basis.

13. Defendants agreed to pay Plaintiff every two weeks.

14. Defendants agreed that the regular pay day would be on Thursdays.

15. Defendants did not provide Plaintiff with wage statements identifying the legal name of her employer.

16. Defendants did not pay Plaintiff on the regular pay day for the regular and overtime compensation she was owed.

17. In May 2026, Defendants received garnishment and levy notices from their bank.

18. Upon information and belief, Defendant Dr. Uh withdrew $40,000.00 from his company's operating account after learning of the garnishment and levy notices.

19. Upon information and belief, Dr. Uh withdrew the money to evade the garnishment or levy of funds.

20. As a result of the withdrawal, Defendants were unable to pay the compensation owed to Plaintiff and other employees.

21. On June 11, 2026, Plaintiff's bank returned Defendants' paycheck for $1,321.95 unpaid due to insufficient funds.

22. On June 17, 2026, Plaintiff's bank returned Defendants' paycheck for $1,321.95 unpaid due to insufficient funds.

23. On June 21, 2026, Plaintiff's bank returned Defendants' paycheck for $1,321.95 unpaid due to insufficient funds.

24. As a result of the paychecks returned for insufficient funds, Plaintiff was not paid on the regular payday.

25. As a result of the paychecks returned for insufficient funds, Plaintiff was not paid all the compensation she is owed for those pay periods, including regular and overtime wages.

26. Plaintiff incurred additional costs and expenses, including bank fees, because Defendants' paychecks were returned unpaid for insufficient funds.

27. Plaintiff has demanded that the Defendants pay her the compensation she is owed.

28. Upon information and belief, Defendants' failure to pay Plaintiff and other hourly employees all wages required by law was intentional and resulted from policies or practices applicable to Defendants' hourly workforce.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff brings the FLSA claims as an opt-in collective action under 29 U.S.C. § 216(b) on behalf of herself and all current and former hourly employees of Defendants who, during the applicable limitations period, were not paid all minimum wages and/or overtime compensation required by the FLSA.

30. Plaintiff and the members of the FLSA Collective are similarly situated because they were hourly, non-exempt employees subject to common compensation policies and practices controlled by Defendants.

31. Upon information and belief, Defendants maintained common payroll and compensation practices affecting hourly employees, including practices that resulted in hourly employees not receiving all wages due for hours worked and, when applicable, overtime compensation at one and one-half times their regular rates for hours worked over forty in a workweek.

32. Plaintiff's claims and the claims of the FLSA Collective arise from common questions concerning whether Defendants failed to pay wages required by the FLSA, whether those failures were willful, and the amount of unpaid wages and liquidated damages owed.

33. The names and addresses of members of the FLSA Collective are known to Defendants and can be identified from Defendants' payroll, personnel, scheduling, timekeeping, and other employment records.

34. Court-authorized notice is appropriate so that similarly situated hourly employees may receive notice of this action and an opportunity to file written consents to join under 29 U.S.C. § 216(b).

**FIRST CLAIM FOR RELIEF**
**FLSA - UNPAID MINIMUM WAGES**
**(On Behalf of Plaintiff and the FLSA Collective)**

35. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

36. To the extent Defendants' failure to pay Plaintiff and members of the FLSA Collective for hours worked caused their compensation in one or more workweeks to fall below the minimum wage required by 29 U.S.C. § 206, Defendants violated the FLSA.

37. Defendants are liable under 29 U.S.C. § 216(b) for unpaid minimum wages, an equal amount as liquidated damages, reasonable attorneys' fees and costs, and such other relief as the Court deems proper.

38. Defendants' violations were willful within the meaning of the FLSA.

**SECOND CLAIM FOR RELIEF**
**FLSA - UNPAID OVERTIME COMPENSATION**
**(On Behalf of Plaintiff and the FLSA Collective)**

39. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

40. Defendants failed to pay Plaintiff and members of the FLSA Collective overtime compensation at one and one-half times their regular rates for hours worked in excess of forty in one or more workweeks, in violation of 29 U.S.C. § 207.

41. Defendants are liable under 29 U.S.C. § 216(b) for unpaid overtime compensation, an equal amount as liquidated damages unless Defendants satisfy the statutory good-faith defense, reasonable attorneys' fees and costs, and such other relief as the Court deems proper.

42. Defendants' violations were willful within the meaning of the FLSA.

**THIRD CLAIM FOR RELIEF**
**NEW YORK LABOR LAW - UNPAID REGULAR AND OVERTIME WAGES**
**(On Behalf of Plaintiff Sofia Avila Leon Only)**

43. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

44. Defendants' failure to pay Plaintiff the required regular and overtime wages violated the NYLL, including N.Y. Labor Law § 650 et seq., and 12 N.Y.C.R.R. § 142-2.2.

45. Defendants' failure to pay Plaintiff the required regular and overtime wages was willful.

46. Plaintiff is entitled to recover unpaid wages, liquidated damages, prejudgment interest to the extent permitted by law, reasonable attorneys' fees and costs, and other relief available under the NYLL.

**FOURTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW § 195(3) - WAGE STATEMENTS**
**(On Behalf of Plaintiff Sofia Avila Leon Only)**

47. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

48. Defendants did not furnish Plaintiff with a statement with every payment of wages listing the legal name of her employer as required by N.Y. Labor Law § 195(3).

49. Plaintiff is entitled to statutory damages and other relief available under N.Y. Labor Law § 198.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW § 191 - FREQUENCY AND TIMING OF WAGE PAYMENTS**
**(On Behalf of Plaintiff Sofia Avila Leon Only)**

50. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

51. Defendants did not pay Plaintiff on the agreed regular bi-weekly pay schedule and did not pay Plaintiff on the regular pay day.

52. To the extent N.Y. Labor Law § 191 applies to Plaintiff's employment and pay frequency, Defendants' failure to pay Plaintiff in accordance with the timing requirements of that statute violated the NYLL.

53. Plaintiff seeks all damages and other relief available by law for Defendants' violations.

**SIXTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR BREACH OF CONTRACT**
**(On Behalf of Plaintiff Sofia Avila Leon Only)**

54. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

55. Defendants agreed to compensate Plaintiff at a base rate of $20.00 per hour for all regular hours worked and at a rate of $30.00 per hour for all overtime hours worked.

56. Plaintiff substantially performed her obligations under the parties' agreement by working for Defendants and providing the services required of her.

57. Defendants breached their agreement with Plaintiff by failing to pay her the compensation they had agreed to pay her, including by issuing paychecks that were returned for insufficient funds and failing thereafter to pay the amounts represented by those paychecks.

58. As a direct and proximate result of Defendants' breach of contract, Plaintiff has sustained damages in an amount to be determined at trial, including compensatory damages equal to the unpaid wages, bank charges for checks returned for insufficient funds, and other compensation owed to her under the parties' agreement.

59. Plaintiff is therefore entitled to recover from Defendants compensatory damages, together with prejudgment interest at the applicable statutory rate, including nine percent (9%)

per annum to the extent provided by New York law, post-judgment interest at the applicable federal statutory rate, and such other and further relief as the Court deems just and proper.

**JURY DEMAND**

60. Plaintiff demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sofia Avila Leon, individually and on behalf of the FLSA Collective with respect to the FLSA claims, demands judgment against Defendants, jointly and severally to the extent permitted by law: (a) authorizing this action to proceed as a collective action under 29 U.S.C. § 216(b) and directing appropriate notice to members of the FLSA Collective; (b) declaring that Defendants violated the FLSA and, with respect to Plaintiff individually, the NYLL; (c) awarding Plaintiff and opt-in members of the FLSA Collective unpaid minimum wages and overtime compensation under the FLSA; (d) awarding Plaintiff individually unpaid regular and overtime wages and statutory damages under the NYLL; (e) awarding liquidated damages as authorized by the FLSA and NYLL; (f) awarding Plaintiff individually compensatory damages for breach of contract; (g) awarding pre-judgment and post-judgment interest; (h) awarding reasonable attorneys' fees and costs; and (i) granting such other and further relief as the Court deems just and proper.

Dated: August 17, 2026

THE HOWLEY LAW FIRM P.C.

By:_____________________________
John J.P. Howley
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
(212) 601-2728
*Attorneys for Plaintiff*